UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-23399-CIV-ALTONAGA/Reid

JESSICA ENRIQUEZ, *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for a Preliminary Injunction [ECF No. 9], filed on June 10, 2026.  Defendants submitted a Response [ECF No. 16]; Plaintiffs did not submit a reply.

On May 14, 2026, Plaintiffs filed their Complaint [ECF No. 1], asserting four claims for relief against Defendants.  (*See generally id.*).  Plaintiffs are a group of foreign nationals who have applied for various immigration benefits.  (*See id.* ¶¶ 16–20).  At the time of filing the Complaint, their applications remained pending.  (*See id.*).  Plaintiffs challenge three of Defendant, United States Citizenship and Immigration Services' policy memoranda — PM 602-0192, PM 602-0194, and PA 2025-26 (the "Policies") — that together place an adjudicatory hold on Plaintiffs' applications.  (*See id.* ¶¶ 1, 38–43).

Plaintiffs now seek a preliminary injunction that would enjoin Defendants from enforcing the Policies at issue with respect to their applications.  (*See generally* Mot.).  In their Response, Defendants advise that, as of June 12, 2026, "the Policies are not in effect."  (Resp. 7 n.8); *see also generally Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-

cv-132, 2026 WL 1622708 (D.R.I. June 5, 2026), *judgment entered*, 2026 WL 1695954 (D.R.I. June 11, 2026).[1]  Since Plaintiffs did not submit a reply, the Court accepts Defendants' contention. *See Tulloch v. Burist*, No. 24-cv-140, 2025 WL 700613, at *5 (S.D. Ga. Mar. 5, 2025) ("Plaintiffs filed no reply and therefore do not rebut Defendants' contention.").

The Court recognizes that "it would be pointless to enjoin the enforcement of a policy that is no longer in effect." *Int'l Women's Day March Plan. Comm. v. City of San Antonio*, 619 F.3d 346, 357 (5th Cir. 2010) (alterations adopted; citation omitted); *see also Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) ("[T]he regulation at issue is no longer in force. . . .  Thus the issue of the validity of the old regulation is moot[.]" (alterations added)).  Accordingly, it is

**ORDERED** that Plaintiffs' Motion for a Preliminary Injunction **[ECF No. 9]** is **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2